THOMAS SCHIMENTI, Respondent, v. NANSEN PROPERTIES, Appellant.— In a negligence action to recover damages for personal injury, the defendant appeals from a judgment of the Supreme Court, Richmond County, entered March 21, 1962 after trial upon a jury's verdict in favor of the plaintiff. Judgment reversed on the law and the facts, with costs, and complaint dismissed. The record discloses the following facts: An organization of which plaintiff was a member was conducting an outing on grounds it had leased for the day from defendant, the owner of the grounds. Plaintiff was participating in a baseball game on a ball field on the grounds. In the course of the game he slid into first base, feet first, and fractured his leg. The base was a stuffed canvas-covered bag which had been tied to a metal spike or stake that was imbedded in the ground and was protruding about two or three inches above the ground. The bag was tied in such a manner that it completely covered the spike. When plaintiff slid into the base, the bag moved so that the spike became uncovered but it still touched or was within an inch or two from the bag. However, the record contains no proof showing or which would support a finding: (1) that the spike or the bag was owned by or supplied by the defendant; or (2) that

the spike or the bag had been installed improperly; or (3) that the defendant knew or should have known that the connection between the bag and the spike was or had become loose within a reasonably sufficient time prior to the accident to have permitted defendant to cause the condition to be remedied. Nor does the record show when or by whom the spike and bag had been installed. Absent proof of such facts or of such knowledge, defendant cannot be held to have been negligent. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.